# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-50-FDW

| | |
|---|---|
| AJANAKU MURDOCK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KEVIN INGRAM, et al., )<br>)<br>Defendants. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of *pro se* Plaintiff's Complaint, (Doc. No. 1). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 8).

## I. BACKGROUND

*Pro se* Plaintiff filed a civil rights suit pursuant to 42 U.S.C. § 1983, addressing incidents that allegedly occurred at the Lanesboro Correctional Institution where he still resides. He names as Defendants Unit Manager Kevin Ingram and Correctional Officer Owens.

Liberally construing the Complaint and accepting the allegations as true, Plaintiff was placed in Modified Restrictive Housing in July 2016, after he left "control" status. He was supposed to be released after three months of being infraction free but that did not happen. Plaintiff started putting in request to Unit Manager Ingram and Case Manager Estridge and still did not get relief. In October 2016, Plaintiff began to be "extorted" by gang members. (Doc. No. 1 at 5). Plaintiff complained to Defendant Ingram consistently about being moved away from all the gang members. Ingram told him that the only way he could leave the block would be to enroll in the SAFE Program, which Plaintiff had already taken. Plaintiff's friend, Helen King, also called Ingram on numerous occasions on Plaintiff's behalf because she was concerned about his well-

1

being. During this time, other prisoners who had not been in the unit for the required three months were being moved out of Modified Housing. Ingram was aware of the violence in the pod and still refused to move Plaintiff to another unit. Instead he moved Plaintiff next door within the same pod inside the same unit that was still heavily infested with gangs. Plaintiff continued to complain and was not moved.

In the early morning hours of May 27, 2017, the door to Plaintiff's cell opened while he was asleep. Three inmate gang members entered Plaintiff's cell, assaulted him, stabbed him, and took his property. Officer Owens was the officer in control of all doors leading into and out of the unit at that time. Officer Owens deliberately opened Plaintiff's cell door for the sole purpose of allowing him to be assaulted. There was also no official located at their post inside the "bubble" observing the three pods. After the assault, Plaintiff left his cell and was afraid to go to the intercom because he was surrounded by gang members who acted casual but had knives on them. He eventually made his way to the front and told Owens to let him leave the block to get help.

Plaintiff talked to Sergeant Krantz who assessed his injuries. Plaintiff refused medical help because he was afraid he would get set up again. A week passed without Defendant Ingram allowing him to see medical once Plaintiff realized his injuries were more serious than he had realized, and he had to get a tetanus shot for the stab wound. Only after the May 27 incident was Plaintiff moved to another unit that was not infested with gang activity.

As a result of the stabbing, Plaintiff's emotional conditions (depression, anxiety disorder, and PTSD) have deteriorated and he has continuous night terrors, panic attacks, and paranoia. He seeks injunctive relief and compensatory and punitive damages, and a jury trial.

II.     **STANDARD OF REVIEW**

Because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must review the

Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In its frivolity review, a court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A complaint should not be dismissed for failure to state a claim "unless 'after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief.'" Veney v. Wyche, 293 F.3d 726, 730 (4th Cir. 2002) (quoting Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999)).

A *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Smith v. Smith, 589 F.3d 736, 738 (4th Cir. 2009) ("Liberal construction of the pleadings is particularly appropriate where … there is a *pro se* complaint raising civil rights issues."). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). A *pro se* complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007); see Ashcroft v. Iqbal, 556 U.S. 662 (2009) (the Twombly plausibility standard applies to all federal civil complaints including those filed under § 1983). This "plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). He must

3

articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief. Id.

**III.     DISCUSSION**

**(1)     Parties**

The Federal Rules of Civil Procedure provide that, "[i]n the complaint the title of the action shall include the names of all the parties." Fed. R. Civ. P. 10(a); see Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."). Although *pro se* litigants are entitled to have their pleadings liberally construed, Haines, 404 U.S. at 520, "[d]istrict judges have no obligation to act as counsel or paralegal to *pro se* litigants," Pliler v. Ford, 542 U.S. 225 (2004).

The body of the Complaint contains allegations against individuals who are not named as defendants in the caption as required by Rule 10(a). This failure renders Plaintiff's allegations against them nullities. See, e.g., Londeree v. Crutchfield Corp., 68 F.Supp.2d 718 (W.D. Va. Sept. 29, 1999) (granting motion to dismiss for individuals who were not named as defendants in the compliant but who were served). Therefore, to the extent that Plaintiff intended to assert a claim against any of these individuals, it is dismissed without prejudice.

**(2)     Deliberate Indifference**

"[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment," Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners. Hudson v. McMillian, 503 U.S. 1, 1 (1992).

A prison official violates the Eighth Amendment only when two requirements are met.

4

First, the deprivation alleged must be, objectively, "sufficiently serious," Wilson v. Seiter, 501 U.S. 294, 298 (1991); see also Hudson, 503 U.S. at 5, and must result in the denial of "the minimal civilized measure of life's necessities," Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The second requirement is subjective and requires that a prison official must have a "sufficiently culpable state of mind." Wilson, 501 U.S. at 297, 302-03; Hudson, 503 U.S. at 5, 8. An actionable deliberate indifference claim does not require proof that the plaintiff suffered an actual injury. Instead, it is enough that the defendant's actions exposed the plaintiff to a "substantial *risk* of serious harm." Farmer v. Brennan, 511 U.S. 825, 837 (1994) (emphasis added). The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837; Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).

### (a) Failure to Protect

Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Farmer, 511 U.S. at 833 (quoting Cortes-Quinoes v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" Id. at 834 (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

Plaintiff alleges that he repeatedly told Defendant Ingram that he was not safe because of inmate gang members in his housing pod who were trying to extort him. Defendant Ingram repeatedly refused to move Plaintiff even though he had served the requisite three-month period Modified Housing and other inmates who had not satisfied the three-month requirement were not moved. Plaintiff alleges that Defendant Owens purposefully opened his cell door while he was

sleeping and allowed three inmate gang members to enter, where they assaulted, stabbed, and robbed him. These allegations are sufficient to set forth a plausible claim of deliberate indifference by showing that Defendants knew he faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it.

Therefore, the deliberate indifference claim for failure to protect will be allowed to proceed against Defendants Ingram and Owens.

**(b) Medical**

To state a *prima facie* case of deliberate indifference to a serious medical need, a plaintiff must show that he had serious medical needs and that the defendant acted with deliberate indifference to those needs. Heyer v. United States Bureau of Prisons, 849 F.3d 202, 210 (4th Cir. 2017) (citing Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008)). A "serious medical need" is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko, 535 F.3d at 241 (internal quotation marks omitted). To constitute deliberate indifferent to a serious medical need, "the treatment [a prisoner receives] must be so grossly incompetent, inadequate, or excessive to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990), *overruled on other grounds by* Farmer, 511 U.S. at 825. However, mere negligence or malpractice does not violate the Eighth Amendment. Miltier, 896 F.2d at 852.

Plaintiff alleges that he initially refused medical attention after his stabbing because he was afraid of being set up again. However, he later realized that his injuries were more serious than he had initially realized and asked Defendant Ingram for medical attention. Ingram refused to allow Plaintiff to seek medical help for a week. Plaintiff required treatment including a tetanus shot.

Assuming that Plaintiff's stabbing resulted in a serious medical need, he has stated a plausible deliberate indifference claim against Defendant Ingram for delaying his treatment for a week. Therefore, this claim will be allowed to proceed.

## IV. CONCLUSION

For the reasons stated herein, the Complaint is sufficient to proceed against Defendants Ingram and Owens for failure to protect, and against Owens for deliberate indifference to a serious medical need.[1]

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint survives initial review under 28 U.S.C. § 1915.

2. **IT IS FURTHER ORDERED THAT** the Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for Defendants **Ingram and Owens** who are current or former employees of NC DPS.

Signed: August 14, 2018

Frank D. Whitney
Chief United States District Judge

---

[1] If Plaintiff intended to proceed against any individuals other than Defendants Ingram and Owens, see Section III(1), *supra*, he may file a superseding Amended Complaint within 14 days of this Order in accordance with all applicable rules and procedures.