# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:18-cv-50-FDW

| | |
|---|---|
| AJANAKU E. MURDOCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| KEVIN INGRAM, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendant Kevin Ingram's Motion for Protective Order pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure, (Doc. No. 28). The Motion is **GRANTED** as follows:

In order for Defendant Kevin Ingram ("Defendant") to respond to Plaintiff's discovery request he will be required to produce information (which term includes data or data compilations in the form of documents, electronic media, testimony, or any other form or medium) that is otherwise confidential. It is anticipated that some portion of the confidential information relates to current or former inmates in the custody of the Division of Adult Correction of the Department of Public Safety ("DPS"), including Plaintiff, or relates to current or former employees of DPS, including Defendant. This confidential information ("Confidential Information") is expected to include inmate records deemed confidential pursuant to N.C.G.S. §§ 148-74 and -76, and may include information that is confidential under 42 CFR 2.1, et seq., N.C.G.S. § 122C-52, and the federal Health Insurance Portability and Accountability Act. In light of the confidentiality of this material, and in an effort to protect that confidentiality, Defendant requires the entry of a consent order to release the Confidential Information and to ensure that the Confidential Information is not

1

disclosed or used for any purpose other than in connection with this litigation. In the interests of justice and to further the legitimate causes of this litigation, Defendant agrees to disclose the Confidential Information in his possession, custody, or control, subject to the conditions set forth herein and adopted by the Court. Accordingly, it is hereby **ORDERED** that:

1. Scope of the Order. This Order applies to all information produced by the Defendant in response to Plaintiff's discovery requests and thereafter in the course of the prosecution or defense of this action, provided that the presiding judicial officer shall determine the procedure for presentation of Confidential Information at pre-trial hearings and trial.

2. Use of Confidential Information. All Confidential Information, as defined in this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pretrial, trial, and post-trial proceedings in this action, and shall not be used or disclosed by any person for any other purpose.

3. Disclosure. "Disclose" or "disclosure" means to provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. Confidential Information. "Confidential Information" is defined as follows:

    a. Any personnel files, as that term is defined in N.C.G.S. § 126-22(3), maintained by DPS.

    b. The medical records of Defendant.

    c. The financial records, telephone records, and e-mail records of Defendant.

d. Reports of, investigations into, and any findings regarding alleged incidents of sexual misconduct or use of force by current or former employees of DPS.

e. The medical and mental health records generated in the treatment or handling of current or former inmates during their incarceration within DPS which are deemed confidential by N.C.G.S. §§ 148-74 and -76.

f. Records generated in the housing and handling of current or former inmates during their incarceration within the DPS, including video recordings, which are deemed confidential by N.C.G.S. §§ 148-74 and -76.

g. Highly sensitive security information as it relates to investigations, security designations, staffing patterns and logs, schematic or other drawings and diagrams, and other sensitive security information.

h. Other information that is potentially embarrassing or invasive of the privacy of a person not a party to this litigation and therefore an appropriate subject of a protective order under Rule 26(c)(1) of the Rules of Civil Procedure.

5. Disclosure of Confidential Information. Confidential Information shall not be disclosed to anyone except:

a. The court and its personnel;

b. The parties to this action;

c. Counsel for the parties to this action and employees of said counsel;

d. Experts or consultants specifically retained by the parties or their attorneys to assist them in the preparation of this case or to serve as expert witnesses at the trial

of this action, but only after execution of a Confidentiality Agreement as provided in Paragraph 6; and

e. Court reporters or videographers engaged to record depositions, hearings, or the trial in this action.

6. Confidentiality Agreements. Before Confidential Information is disclosed to any person described in Paragraphs 5(d) of this Order, the party or counsel for the party disclosing the information shall inform the person to whom the disclosure is to be made that Confidential Information shall be used only for the purpose of the prosecution or defense of this action, and shall obtain from the person to whom the disclosure is to be made a signed confidentiality agreement in the form attached hereto as Exhibit A. The party disclosing the Confidential Information to said person shall maintain the original Confidentiality Agreement and also will produce a copy of the Confidentiality Agreement to other parties to this action.

7. Designation of Confidential Information. Information shall be designated as Confidential Information in the following manner:

a. In the case of information reduced to paper form, the designation shall be made:

(1) by placing the appropriate legend, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," on each page containing such information or;

(2) by such other means as agreed to by the parties. The party disclosing the information shall designate the documents as confidential at or before the time of disclosure. A party may make the designation with respect to information disclosed

by another party by a writing directed to the producing party. The producing party shall then be responsible for labeling the designated information as provided herein.

b. Information on a computer disk, data tape, or other medium that has not been reduced to paper form shall be designated as Confidential Information:

(1) by informing the parties to this action in writing that the computer disk, data tape, or other medium contains such Confidential Information and, where applicable, specifying by Bates or other page number the particular information being designated or;

(2) by such other means as agreed to by the parties. To the extent practicable, such physical medium should also be labeled using the appropriate legend. Any party receiving Confidential Information designated under this Paragraph 7(b) shall then be responsible for appropriately labeling any printed version(s) of such information that it creates.

c. In the case of deposition testimony, any party may designate information disclosed during a deposition as Confidential Information by either:

(1) identifying on the record at the deposition the information that is to be treated as Confidential Information or;

(2) marking the portions of the deposition transcript to be designated as Confidential Information within 21 days after receipt of the transcript.

When the deponent and the attending parties do not agree to waive the reading, correcting, and signing of the transcript, all information disclosed during a

deposition shall be treated as Confidential Information before the expiration of the 21-day period unless otherwise agreed by the parties and the deponent. If any deposition testimony or any document or information used during the course of a deposition is designated as Confidential Information, each page of the deposition transcript containing such information shall be labeled with the appropriate legend specified in Paragraph 7(a), and the first page of the deposition transcript shall be labeled in a manner that makes it readily apparent that the transcript contains Confidential Information.

d. Any other information that is not reduced to physical form or cannot be conveniently labeled shall be designated as Confidential Information by serving a written notification of such designation on counsel for the other parties. The notice shall, where applicable, specify by Bates or other page number the particular information being designated.

8. Disputes over Designations. If any party objects to the designation of any information as confidential, the parties shall attempt to resolve the disagreement on an informal basis. If the objection is not so resolved, the objecting party may move the court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the court issues a final ruling that the information does not qualify for such a designation. The nonfiling by the objecting party of a motion for relief shall not be deemed an admission that the information in question qualifies for the disputed designation.

9. Inadvertent Disclosure of Confidential Information. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a

waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of each receiving party.

10. Filing of Confidential Information Under Seal.

a. The Parties Must Confer. Before filing a document containing any Confidential Information, the filing party must confer with the other parties about how the document should be filed. If the party that provided the Confidential Information decides that the document should be sealed, the filing party shall file the document as a sealed document along with a memorandum providing the information required in Local Civil Rule 6.1(c), subsections (1) through (4). If a party other than the filing party seeks to have the document sealed, the filing party shall file the document as a sealed document along with a notice stating that, pursuant to this Paragraph 10, any party seeking to keep the document sealed must within 7 days file a supporting memorandum providing the information required in Local Civil Rule 6.1(c), subsections (1) through (4) or the document will be unsealed.

b. The Court may unseal Confidential Information. The Court will review the memorandums filed under this Paragraph 10 and may unseal or limit the sealing of a document if the sealing is not supported by law. The Court also may unseal documents consistent with Local Civil Rule 6.1(h).

11. Authors/Recipients. Except as specifically provided herein, this Order shall not limit use by a party of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

12. Return of Confidential Information. Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within 60 days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the court or a motion for relief from this Paragraph 12 is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, the party shall provide to the producing party by the 60- day deadline a signed certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order.

13. Admissibility of Information. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate the admissibility under the Federal Rules of Evidence of any information subject to this Order.

14. Confidential Employee Information. Pursuant to N.C.G.S. § 126-24(4), this Order authorizes the disclosure of confidential portions of the personnel files maintained by the DPSDAC of current or former employees in accordance with the terms of this Order.

15. Modification. This Order is without prejudice to the right of any party or witness to seek modification or amendment of the Order by motion to the court, or to seek and obtain additional protection with respect to Confidential Information as such party may consider appropriate.

**IT IS SO ORDERED**

Signed: March 19, 2019

Frank D. Whitney
Chief United States District Judge

# **EXHIBIT A**

**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-cv-50-FDW**

| | |
|---|---|
| **AJANAKU E. MURDOCK,** | ) |
| **Plaintiff,** | ) ) ) |
| vs. | ) ) |
| **KEVIN INGRAM, et al.,** | ) ) |
| **Defendants.** | ) ) |

**CONFIDENTIALITY AGREEMENT**

I have read and am familiar with the terms of the Protective Order governing the disclosure of confidential information in the case of Murdock v. Ingram., Case No. 3:18-CV-00050 United States District Court for the Western District of North Carolina. I agree to abide by all the terms of said Order and not to reveal or otherwise communicate any of the information or documents disclosed to me pursuant thereto to anyone except in accordance with the terms of said Order. I agree not to make use of any information obtained, whether in documentary or other form, pursuant to that Order other than for purposes of this litigation. I also agree to return to counsel of record no later than 60 days after the termination of this litigation any and all documents in my possession containing information which is the subject of said Order or disclosed to me pursuant to the Order (whether such information is in the form of notes, memoranda, reports, or other written communications or documents prepared by any person at any time containing information covered

by the terms of said Order). I further agree to submit myself to the jurisdiction of the foregoing court, including its contempt power, for enforcement of said Order.

_____
Signature (Date)

_____
Printed Name